73 F.3d 378
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Gilbert J. PARIS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7065.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Gilbert J. Paris's appeal for lack of jurisdiction. Paris has submitted a response.
 
 
 2
 Paris sought reimbursement for unauthorized medical service incurred at a private hospital. The regional office denied Paris's claim because Paris was not in an emergency situation and a Veterans Affairs Medical Center was available for the service Paris obtained. Paris appealed to the Board of Veterans Appeals. The Board denied Paris's claim. Paris appealed to the Court of Veterans Appeals. The Court of Veterans Appeals remanded the case to the Board to analyze Paris's evidence and to state the reasons for the Board's implicit rejection of such evidence.[1] The Board issued a new decision denying Paris's claim, and Paris again appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals summarily affirmed the Board's decision. The Court of Veterans Appeals stated that two of the three statutory criteria for entitlement to reimbursement of medical expenses had not been satisfied.[2] Specifically, the Court of Veterans Appeals concluded that there was a plausible basis for the Board's findings (1) that the hospitalization and treatment were not rendered in a medical emergency and (2) that a Veterans Affairs Medical Center was available. Paris appealed to this court.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In his informal brief, Paris argues that the Court of Veterans Appeals did not consider all of the evidence, which is a challenge to factual determinations. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.
 
 
 
 [1]
 In that decision, the Court of Veterans Appeals also affirmed the Board's denial of payment for a home wheelchair ramp
 
 
 [2]
 The Board found, and the Court of Veterans Appeals did not disagree, that third criteria was met. The Board found that the treatment was for Paris's service-connected cardiovascular disease